Filed 7/29/26  P. v. Williams CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B346446 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA124662-01) |
| v. | |
| MELVIN WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Appeal affirmed in part and dismissed in part.

Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review an order denying Melvin Williams's petition for resentencing under Penal Code[1] section 1171. We find part of the order nonappealable and otherwise affirm the remainder of the trial court's order denying the petition.

## BACKGROUND

On October 28, 2013, a jury convicted appellant Melvin Williams of corporal injury to a spouse/cohabitant/child's parent; assault by means likely to produce great bodily injury; criminal threats; possession of a firearm by a felon; contempt of court; first degree residential burglary; two counts of assault with a semiautomatic firearm; and two counts of attempted murder. The jury found true several firearm enhancements. The court found true a prior strike conviction.

On November 22, 2013, the trial court sentenced Williams to an aggregate term of 56 years to life.

On April 7, 2025, Williams filed a petition for recall and resentencing pursuant to section 1171. He asked the trial court to order disclosure of material exculpatory evidence in a peace officer's personnel file pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (superseded by statute as stated in *Long Beach Police Officers Assn v. City of Long Beach* (2014) 59 Cal.4th 59, 68); *People v. Nuno* (2024) 105 Cal.App.5th 1030; and *Brady v. Maryland* (1963) 373 U.S. 83. He also asked the court to "modify a sentence or conviction pursuant to an ameliorative statute," citing sections 1170.18, 1172.1, 1172.6, 1172.7 and 1172.75.

---

[1] Undesignated statutory references are to the Penal Code.

2

On May 9, 2025, the trial court denied Williams's request for resentencing. After setting out the provisions of section 1171, the trial court held: "The petitioner seek relief pursuant to all the above cited ameliorative statutes. However, he was not sentenced pursuant to any ameliorative statutes, as evidenced by his attached abstract of judgment. As he was not sentenced pursuant to any postconviction proceeding that is authorized in law, (see 1171(a) and (c)(1) above), the court denies the petition." Williams timely appealed.

We appointed counsel to represent Williams on appeal. On April 17, 2026, counsel filed a no issue brief pursuant to *People v. Delgadillo*. Counsel advised us they told Williams he could file his own supplemental brief within 30 days and sent him transcripts of the record on appeal as well as a copy of the brief.

On May 18, 2026, this court sent Williams notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On May 21, 2026, Williams filed a supplemental brief. He contends: 1) the prosecutor's statement at Williams's original sentencing contained prejudicial inaccuracies contradicted by the probation report and the victim's own sworn declarations; 2) he is entitled to resentencing under section 1172.1; 3) his counsel was ineffective at the original sentencing for failing to present mitigating evidence, specifically the Victim's Impact Statement and Notarized Affidavit which clarify the lack of serious injury to the victim; 4) the integrity of the original conviction is "questioned" by the potential withholding of favorable evidence

3

under *Brady v. Maryland* and *Pitchess v. Superior Court* which are relevant to the "interest of justice" standard applied during a section 1172.1 hearing.

## DISCUSSION

### Errors at the Original Sentencing Hearing

Williams brought his resentencing petition under section 1171, which authorizes procedures for postconviction proceedings "to modify a sentence or conviction pursuant to an " 'ameliorative statute.' " Such statutes, "include, but are not limited to, [s]ections 1170.18, 1172.1, 1172.6, 1172.7, and 1172.75." (§ 1171, subd. (a).) The trial court does not initiate postconviction procedures until it receives a request that is "authorized in law." (*Id.*, subd, (c)(1).)

Williams contends he should be resentenced because his original sentencing hearing was compromised by the prosecutor's misleading remarks to the court about the severity of the offense and the victim's injuries, ineffective assistance of trial counsel, and failure to disclose material relevant under *Brady v. Maryland* and *Pitchess v. Superior Court*. These challenges are not cognizable under any ameliorative statutes, including those listed in section 1171. Section 1170.18 provides relief for a person serving a sentence for a felony conviction who would have been guilty of a misdemeanor under section 1170.18. Section 1172.7 invalidates enhancements imposed pursuant to section 11370.2 of the Health and Safety Code. Section 1172.75 invalidates enhancements imposed for prior prison terms.

Williams also contends he has the right to be resentenced under section 1172.1. Section 1172.1 authorizes a trial court to recall the sentences of incarcerated defendants and resentence

4

them under certain circumstances.  Under section 1172.1, a trial court may recall and resentence "at any time" upon the recommendation of the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case.  (§ 1172.1, subd. (a)(1).)  Notably, section 1172.1, by its terms, denies a defendant the right to petition the court for recall and resentencing.  (*Id.*, subd. (c) ["[a] defendant is not entitled to file a petition seeking relief from the court under this section," and "[i]f a defendant requests consideration for relief under this section, the court is not required to respond."].)

There is no right to appeal from the denial of a petition filed under section 1172.1 by a defendant.  (*People v. Hodge* (2024) 107 Cal.App.5th 985, 995; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 692 [order declining to act on defendant's unauthorized section 1172.1 petition is not an appealable order]; *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1047 [same].*)* Williams is not entitled to relief under section 1172.1.  He is neither authorized to file a petition nor entitled to appeal the trial court's order.

We also decline Williams's request that we conduct an independent review of the record.  (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The appeal as to the denial of relief under section 1172.1 is dismissed.  In all other respects the order denying relief is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.

6